UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JULIE A. VALLESE,

                                                                     <u>DECISION AND ORDER</u>

                                    Plaintiff,

                                                                     19-CV-0419L

               v.

ANDREW SAUL,
Commissioner of Social Security,

                                              Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On September 28, 2015, plaintiff filed applications for a period of disability and disability insurance benefits, and for Supplemental Security Income benefits, alleging an inability to work since October 4, 2013. Her applications were initially denied. Plaintiff requested a hearing, which was held on March 16, 2018 before Administrative Law Judge ("ALJ") William M. Weir. (Administrative Transcript, Dkt. #6 at 22). The ALJ issued a decision on June 20, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 22-34). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 25, 2019. (Dkt. #6 at 1-4). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #18), pursuant

to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio*, 276 F.3d 103 at 108. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments, consisting of degenerative disc disease, degenerative joint disease of the knee, and degenerative joint disease of the hip, none of which met or equaled a listed impairment.

The ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with the following capabilities and limitations: can lift 20 pounds frequently and 10 pounds continuously, can carry up to 20 pounds continuously, can sit for 5 hours at a time for a total of up to 8 hours in a workday, can stand for up to 2 hours at a time and for no more than

2

2 hours total in a workday, and can walk for up to 1 hour at a time for no more than 1 hour total in a workday. Plaintiff does not require a cane for ambulation. She can frequently reach with both arms, and continuously handle, finger, feel, push and pull with both arms. She can continuously operate foot controls and climb ramps or stairs, but can never climb ladders or scaffolds. She can frequently balance, occasionally stoop and crouch, and never kneel or crawl. She must never be exposed to unprotected heights and can frequently tolerate exposure to dusts, odors, fumes and other pulmonary irritants. (Dkt. #6 at 26).

The ALJ concluded that this RFC was consistent with plaintiff's prior job as a teacher aide, as plaintiff testified she performed it, and that plaintiff's RFC thus permitted her to return to her past relevant work. (Dkt. #6 at 32-33).

### III.    The ALJ's Assessment of the Medical Opinions of Record

Plaintiff first argues that the ALJ committed legal error when he assigned "significant" weight to the RFC assessment of treating nurse practitioner Elizabeth Allen, "great" weight to the opinion of consultative internist Abrar Siddiqui, and "partial" weight to the opinion of examining physician Dr. Anthony Leone, but gave "little" weight to opinions by treating orthopedist Dr. Joseph Buran (who treated plaintiff's shoulder and knee after a February 2013 motor vehicle accident), treating physical medicine and rehabilitation specialist Dr. Valerie Vullo (who treated plaintiff for back and hip pain), and treating orthopedists Dr. Vincent Lorenz and Dr. John Repicci (who treated plaintiff's right knee after an October 2013 fall, and performed a partial knee replacement in November 2014). (Dkt. #6 at 31-32).

Dr. Buran's opinion consists of a single statement in an August 2015 progress note that plaintiff was, six months after surgery on her right shoulder, unable to perform work with her arms above or away from her body. (Dkt. #6 at 519). The ALJ gave this opinion "little" weight, noting

3

that it appeared to be based on plaintiff's subjective complaints, and was inconsistent with later objective findings by Dr. Buran in February 2016, one year after plaintiff's surgery, that plaintiff had achieved a full range of right shoulder motion, and left shoulder range of motion to 100 degrees, with only mild deficits. (Dkt. #6 at 957-58). Moreover, Dr. Buran had noted at subsequent examinations that plaintiff "guard[ed] and f[ought]" his attempts to thoroughly examine her shoulder, and concluded as early as November 2015 – just eight weeks after the notation concerning plaintiff's ability to work with her arms raised or away from her body – that he could no longer identify any medical reason to explain or substantiate plaintiff's continued complaints of pain in her arms and shoulders. (Dkt. #6 at 730-31, 957-58).

To the extent that Drs. Vullo, Lorenz, Buran and Repicci opined at different times that plaintiff was 50-100% disabled due to pain in her spine, shoulder, or knee, the ALJ gave those estimates "little" weight, as they were unsupported by any functional analysis of plaintiff's abilities or limitations, and were little more than conclusory opinions on the ultimate issue of disability. Furthermore, they were all assessed for purposes of calculating a Workers' Compensation claim, and nearly all described the opined level of disability as "partial" and/or "temporary." *See* Dkt. #6 at 32, 521-29, 568 (progress notes from Dr. Vullo from July 18, 2014 through January 7, 2015, noting that plaintiff is "50% disab[led]" due to pain in her thoracic spine, lumbar spine, and right hip"); 517-20, 686, 697, 700 (May 7, 2015, July 2, 2015 and October 6, 2015 notes from Dr. Buran noting that plaintiff is "75%" temporarily disabled due to a recent right shoulder injury and/or carpal tunnel symptoms); 690, 694, 696, 1104 (April 22, 2014, June 24, 2014, November 6, 2014 and February 10, 2015 notes from Dr. Lorenz assessing a "67%" temporary impairment due to a recent right shoulder injury).

It is well settled that an ALJ's decision need not "reconcile explicitly every conflicting shred of medical testimony." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Here, the ALJ sufficiently explained his reasons for affording the weight given to each opinion of record, including whether or not each opinion was rendered by an "acceptable medical source," or a treating or examining physician. The ALJ also furnished good reasons for declining to grant controlling weight to Dr. Buran's opinion that plaintiff was unable to work with her arms over her head or "away from her body" – including its inconsistency with objective medical evidence of record, the fact that it was rendered while plaintiff was still recovering from shoulder surgery, and that it was inconsistent with later objective findings, including Dr. Buran's November 2015 and February 2016 treatment notes, and ongoing regular assessments by treating nurse practitioner Ms. Allen that plaintiff had normal upper and lower extremity strength and reflexes, no edema, normal neck findings, an no musculoskeletal defects other than tenderness. (Dkt. 588, 730, 809, 820, 869, 957, 1006-7, 1015, 102, 1049, 1057, 1063, 1068, 1085).

With respect to the opinions comprised of "percentage" estimates, the ALJ was entitled to reject opinions by physicians who attempted to assess the ultimate issue of disability, which is reserved for the Commissioner, and which did not otherwise contain any relevant functional analysis of plaintiff's work-related limitations. *See e.g.*, *Judd v. Berryhill*, 2018 U.S. Dist. LEXIS 205177 at *16 (W.D.N.Y. 2018). *See also Schroeder v. Commissioner*, 2020 U.S. Dist. LEXIS 63384 at *9 (W.D.N.Y. 2020) (portion of treating physician's opinion that discusses percent of total disability is not entitled to controlling weight, "as it reaches an ultimate issue reserved for the Commissioner," but portions that opine specific limitations – e.g., inability to lift 15 pounds or reach overhead – should not be discounted).

In sum, I find no error in the ALJ's assessment of the medical opinions of record.

### IV. The ALJ's Finding That Plaintiff Can Perform Her Past Relevant Work

While plaintiff does not specifically challenge the ALJ's "step four" determination that plaintiff's RFC permits her to return to her past relevant work as a teacher aide, the Court finds that the ALJ's conclusions at this step are insufficiently supported.

During the fourth step of the sequential analysis, "the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). Where a claimant fails to meet that burden, the ALJ may (but is not required to) obtain vocational expert testimony in order to determine whether the claimant's RFC permits her to return to her past relevant work. Regardless of whether vocational expert testimony is utilized, the ALJ's findings must be supported by substantial evidence: as such, the "[C]ommissioner has the duty to adequately inquire into the demand of [claimant's] past relevant work so that a correct decision can be reached." *See Wood-Monroe v. Astrue*, 2008 U.S. Dist. LEXIS 110596 at *17 (N.D.N.Y. 2008). *See also Stanton v Astrue*, 270 Fed. Appx. 231, 235 (2d Cir. 2010); *Manni v. Colvin*, 2017 U.S. Dist. LEXIS 40000 at *34 (N.D.N.Y. 2017); *Wells v. Colvin*, 87 F. Supp. 3d 421, 436-37 (W.D.N.Y. 2015).

Here, the ALJ noted that in a questionnaire concerning her prior employment, plaintiff had described her work as a teacher aide as involving 6 hours of work per day with 4 hours of sitting, 1 hour of walking and 1 hour of standing, with no climbing, kneeling, crouching or crawling. She handled only small objects and only had to reach "as needed." (Dkt. #6 at 256). The ALJ reasoned that plaintiff's RFC, which he described as limiting her to no more than 8 hours of sitting, 1 hour of walking, and 1 hour of standing (this was presumably a typographical error, as the ALJ's RFC finding actually specified 2 hours of standing), was consistent with plaintiff's performance of the

6

teacher aide position. The ALJ therefore found, without resort to vocational expert testimony, that plaintiff was able to return to her past relevant work. (Dkt. #6 at 26, 33).

Initially, the ALJ did not question plaintiff at her hearing concerning the requirements of the teacher aide position, but did make the observation that it probably involved "a fair amount of walking." (Dkt. #6 at 49). Plaintiff agreed that it did, and noted that the daily job duties had included escorting students from the bus to their classrooms, to the restroom, and back and forth to other classrooms within the building. *Id*. The ALJ asked no further questions about the teacher aid job, and does not appear to have considered whether plaintiff's testimony that it required "a fair amount of walking" was inconsistent with her questionnaire answer that the job involved no more than 1 total hour of walking in a day.

Furthermore, while plaintiff's work history questionnaire quantitatively addressed several pertinent exertional requirements, the record before the ALJ did not contain sufficient information to encompass all of the areas of limitation included in his RFC finding, and he made no inquiries of plaintiff to close the evidentiary gaps. For example, although the RFC finding included limitations related to, inter alia, unprotected heights and exposure to pulmonary irritants (Dkt. #6 at 26), neither plaintiff's work history questionnaire nor her hearing testimony provided any information concerning the extent to which these elements were present in the teacher aide position.

Furthermore, while the ALJ found plaintiff's testimony as to the severity of her symptoms (including hand numbness, inability to sit for more than an hour, stand for more than 20 minutes or walk more than one block) not to be credible, the ALJ did not explain why he nonetheless opted to fully credit plaintiff's questionnaire answers describing the exertional requirements of her prior work.

"[I]n order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a *specific and substantial* inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities." *See Kerulo v. Apfel*, 1999 U.S. Dist. LEXIS 15741 at *24-*25 (S.D.N.Y. 1999)(emphasis added). Here, I find that the ALJ did not make a sufficiently specific or substantial inquiry. The ALJ did not sufficiently explain or support his decision to rely upon a work history questionnaire completed by plaintiff concerning the requirements of her past relevant work (while at the same time dismissing the plaintiff's testimony on other subjects as not credible), did not attempt to reconcile potentially inconsistent hearing testimony, and did not obtain additional relevant details concerning the way the position was performed so as to ensure that his RFC determination did not exceed the requirements of the position.

Because the ALJ lacked "sufficient evidence to make the requisite findings of fact," remand is required. *See Collazo v. Colvin*, 2015 U.S. Dist. LEXIS 171732 (S.D.N.Y. 2015) (remanding for further proceedings where ALJ failed to question claimant concerning all of the relevant demands of his past relevant work). *See also Weakland v. Astrue*, 2012 U.S. Dist. LEXIS 41250 (W.D.N.Y. 2012) (same).

Having found remand necessary, this Court does not reach plaintiff's additional arguments.

## CONCLUSION

For the forgoing reasons, I find that ALJ's decision was not supported by substantial evidence: specifically, the ALJ's findings at step four were not adequately supported or explained. The plaintiff's motion for judgment on the pleadings (Dkt. #13) is therefore granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is denied, and the matter

is remanded for further proceedings consistent with this opinion, including but not limited to completion of the record sufficient to support a step four redetermination of whether plaintiff's RFC permits her to return to her past relevant work, as she previously performed it, and/or as it is generally performed. Such completion of the record and redetermination is to include, as appropriate, additional testimony from plaintiff and/or a vocational expert.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 26, 2020.